UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY CATHERINE, JR.**                                   **CIVIL ACTION**

**VERSUS**                                                 **NO. 19-13221**

**RAZZOO'S BAR AND PATIO**                                 **SECTION "B"(5)**

ORDERS & REASONS

Before the court are two opposed motions: plaintiff Terry Catherine, Jr.'s motion to reconsider the dismissal order from May 7, 2020 (Rec. Docs. 9, 10, 12, 19), and defendant Razzoo's Bar and Patio's motion for attorney's fees. (Rec. Doc. 13, 15).

For the reasons discussed below,

**IT IS ORDERED** that plaintiff's motion to reconsider is **DENIED;** and

**IT IS FURTHER ORDERED** that defendant's motion for attorney's fees is **GRANTED,** to the extent that a lower fee award than requested represents a reasonable sum for work and hours expended in opposing the reconsideration motion.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Terry Catherine, Jr. filed a complaint for employment discrimination under Title VII of the Civil Rights Act of 1964 on October 22, 2019. §§ 2000(e) to 2000(e)(17); Rec. Doc. 1, 5. Plaintiff alleges his former employer, defendant Razzoo's Bar and Patio, terminated him on April 14, 2019 because of his race and color. This action was filed after receipt of a

1

Notice of Right to Sue letter[1] from the Equal Employment Opportunity Commission ("EEOC") on July 29, 2019. Rec. Doc. 1, 5-6.

Defendant Razzoo's Bar and Patio filed a 12(b)(6) motion to dismiss plaintiff's complaint on November 18, 2019 averring plaintiff provided no meaningful allegations of discriminatory acts committed against him and the complaint does not identify any persons possessing the authority to terminate him that committed any acts of discrimination. Rec. Doc. 4-1, 4.

Plaintiff failed to respond to the motion to dismiss. On May 7, 2020 the motion was granted pursuant to Local Rule 7.5 and a finding that the motion had merit. Rec. Doc. 9. Within its order and reasons, the court ordered any motion for reconsideration must be filed within thirty (30) days of the order and must be accompanied by an opposition memorandum to the original motion to dismiss. *Id.* at 2. Additionally, the order included a proviso that the cost in connection with responding to such motion, including attorney's fees, may be assessed against the party moving for reconsideration because the motion would have been unnecessary had the party timely filed an opposition memorandum to the underlying motion to dismiss. *Id.*

---

[1] The EEOC determined that based upon its investigation, it was unable to conclude that the information obtained established violations of the statutes.

2

Plaintiff filed a motion for reconsideration on May 22, 2020. Rec. Doc. 9. Defendant subsequently filed its motion for attorney's fees on June 2, 2020. Rec. Doc. 13.

**II. LAW AND ANALYSIS**

This court has "considerable discretion" in deciding whether to grant a motion for reconsideration but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of facts." *Smith v. Brown*, 15-2784, 2017 WL 1128496 at *3 (E.D. La. March 23, 2017) (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). The Fifth Circuit instructs this court that reconsideration is "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Relief is warranted only when the basis for relief is "clearly establish[ed]." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Moreover, a motion under FRCP 60(b)(6) is a "catch all" basis for relief and allows relief from judgment for "any other reason justifying relief from the operation of the judgment" but the situation must be "extraordinary" to fall within that exception. Fed.R.Civ.P. 60(b)(6). *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005). To warrant relief, plaintiff must show "the initial judgment to have been manifestly unjust." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d

167, 173 (5th Cir. 1990). The instant motion to reconsider falls well-short of these standards.

Plaintiff relies in reconsideration upon FRCP Rule 60(b)(6)for alleged failure by defendant to effect proper service of the dismissal motion. However, the record indicates that the motion to dismiss was filed in accordance with Local Rule 5.4, which requires that a filing party or attorney certify that copies of the filing have been served on all parties or their attorneys "in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system." Local Civil Rules of the United States District Court for the Eastern District of Louisiana, LR 5.4. The record indicates that defendant's attorney filed the motion to dismiss via the court's electronic filing system and that the Clerk of Court subsequently mailed the pleading to plaintiff's current address — a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Plaintiff argues that even if service was made, "[m]anifestly, Razzoo's motion did not conform with the service requirement." Rec. Doc. 19, 3. Yet, defendant's alleged nonconformity is not shown here as plaintiff fails to provide any explanation supporting his contentions. Defendant's motion to dismiss includes a certificate of service that provides, "I hereby certify that on November 18, 2019, I caused a true and correct copy of this Motion to Dismiss and accompanying memorandum in

4

support to be served on plaintiff by means of the Court's CM/ECF system." Rec. Doc. 4, 2.

Plaintiff's argument relies on the sole contention that the court's CM/ECF system is an improper vehicle to serve *pro se* plaintiffs, despite Local Rule 5.4 providing the contrary, and places blame on the inexperience of defendant's counsel. However, plaintiff does not point to any Local Rule or Federal Rule of Civil Procedure or case law that supports the proposition that CM/ECF is improper for notice or service of a motion. Instead, plaintiff provides empty references to documents he filed for the reasons justifying reconsideration and evidence that he never received notice.[2] Plaintiff avers in his reply to defendant's opposition to reconsider that some anonymous clerk "informally advised that it does not serve motions on plaintiffs …" (Rec. Doc. 19, 1) and points to rule 9 of the Eastern District's Administrative Procedures which provides, in part,

> By filing electronically, the Filing User is certifying that service was accomplished through the Notice of Electronic Filing on Filing Users and that service was accomplished on any party or counsel who is not a Filing User *by other means* in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules.

---

[2] In plaintiff's motion, he provides "reasons for this motion are explained in the attached memorandum." (Rec. Doc. 10). Then in his memorandum, plaintiff provides his "proposed Supplemental and Amended Complaint … shows that he was not served at his mail address with the motion …" (Rec. Doc. 10-1); neither document includes the purported information.

5

USEDLA, *Administrative Procedures for Electronic Case Filings & Unique Procedures & Practices for Electronic Filings*, Rule 9 (March 2015) (emphasis added). The Notice of Electronic Filing (Rec. Doc. 12-1) clearly provides that notice was delivered by other means and in compliance with rule 5 of the Federal Rules of Civil Procedure: the clerk's office mailed the notice to plaintiff's address on file. "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). Further, the record does not show that the mailed filing was returned as undeliverable. By operation of rules and factual record, defendant served plaintiff in accordance with Local Rule 5.4 (via the court's CM/ECF system) and the plaintiff received notice via unreturned U.S. Postal Service mail.

Un-represented parties, like represented ones, are equally responsible for timely complying with all court orders, deadlines, and local and federal rules, including making timely notice of contact information and record checks. "A party has a duty of diligence to inquire about the status of a case." *Edward H. Bowlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Relief under Rule 60(b)(6) "is not for the purpose of relieving a party from free, calculated, and deliberate choices he made. A

6

party remains under a duty to take legal steps to protect his own interests." *Id.* (quoting *United States v. O'Neil*, 709 F.2d 361, 373 n. 12 (5th Cir. 1983)). For instance, plaintiff had a right to amend his complaint when the defendant filed its motion to dismiss (Rec. Doc. 4) on November 19, 2019. The denial of that opportunity is futile. This court did not enter its order and reasons granting that motion until May 7, 2020 — five months after it was noticed for submission, December 4, 2019, and nearly six months after the motion was filed. Plaintiff failed to timely and effectively inquire as to the status of his case sometime after the October 2019 filing of this action and the May 2019 dismissal order. This failure does not justify disturbing the initial judgment.

Moreover, we cannot ignore the failure to comply with the court order that any motion for reconsideration must be accompanied by an opposition memorandum to the original motion. Rec. Doc. 9, 2. In plaintiff's reply memorandum (Rec. Doc. 19), plaintiff's attorney admitted that he believed "the motion for reconsideration and proposed complaint substituted" for the opposition memorandum and contends that "error should not be fatal to the court's consideration." Rec. Doc. 19, 4, n. 3. However, "incorrect interpretation of the court's actions … ignorance of local rules or misconstruction of their applicability does not merit relief." *Edward H. Bowlin Co., Inc.*, 6 F.3d at 357. The May 7th court order provided explicit instructions and plaintiff failed to follow

7

them. Also, as found before, the motion to dismiss has merit. In failing to give factual support for legal conclusions, the complaints before this court and the EEOC also relied upon an incident occurring over a decade before plaintiff's hiring and termination that obviously involved different circumstances and outcomes.[3] The futility of the proposed amendment is further shown by its reliance upon newly asserted, unrelated and unspecified incidents occurring after plaintiff's termination.

The May 7th court order also provided that costs and attorney's fees may be assessed against the party moving for reconsideration provided that a statement of costs conforming to Local Rule 54.3 is submitted no later than eight days prior to the noticed submission date of the motion for reconsideration. Rec. Doc. 9, 2. Defendant moved for attorney's fees and included a summary statement on June 2, 2020. *See* Rec. Doc. 13-5. Plaintiff opposed the motion on the basis that he did not receive notice of the motion to dismiss, which as explained above, does not justify relief in reconsideration. Rec. Doc. 15.

---

[3] See *State v. Montz, et al.* 2007-0653 (La. 11/21/07), 968 So. 2d 727; *and* Gwen Filosa, "Second Bouncer Acquitted in Razzoo Death", *The Times-Picayune* (Aug 22, 2008, 1:50 AM),
https://www.nola.com/news/article_88fb5d67-3e51-5280-a02c-886cbf8642ab.html
A white Razzoo Club employee was allegedly not fired after being found not guilty in connection with the New Year's Eve 2004 death of an African American student who was denied entrance to the bar. Plaintiff Catherine, an African American, does not dispute that his termination in 2019 followed a physical confrontation with an African American customer or potential customer.

8

Counsel for defendant bills at a rate of $250 per hour and billed a total of 7.90 hours in preparing an opposition response to plaintiff's motion for reconsideration and a motion for attorney's fees; counsel is not seeking to recuperate costs and is requesting only an award for his billable hours. Rec. Doc. 13-5. The supportive fee statement shows hours and services expended by date, description of services, hours, rate and fee for each task. Id. While undisputed and reportedly kept as a contemporaneous record of hours and services, the time expended opposing reconsideration needs adjustment for reasonableness.  For instance, 6.5 hours of legal research, drafting, completion, etc. related to the opposition and fee matters involved straightforward and, in large measure, work that replicated the product presented in connection with supportive memoranda filed with the motion to dismiss and reply.  The one-half hour to electronically file the opposition to reconsideration and the attorney fee motion should have taken much less time to accomplish and appears to be more of an administrative task. Based on the court's review of noted rationale and applicable law, a reasonable amount of time for noted work would have been 3.5 hours plus .90 hours for other remaining services found to be reasonable, for a cumulative total of 4.4 hours. The undisputed hourly rate is reasonable considering movant counsel's 7 years' experience and the court's knowledge of similar rates in this District for similarly experienced attorneys.

Therefore, the sum of $1,100.00 constitutes a reasonable attorney fee award in this matter.

New Orleans, Louisiana this 15th day of March 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE